# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,

          v.                                      **ORDER**
                                                  Criminal No. 14-262 ADM/SER
Howard Jordan Caverl, III,                        Civil No. 16-1001 ADM

                    Defendant.
_____

Bradley M. Endicott, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Howard Jordan Caverl, III, pro se.
_____

        This matter is before the undersigned United States District Judge pursuant to Howard Jordan Caverl, III's Motion to Vacate under 28 U.S.C. § 2255 ("2255 Motion") [Criminal Docket No. 29] and Motion to Appoint Counsel [Criminal Docket No. 30].[1]  On September 11, 2014, Caverl pled guilty to count one in the Indictment [Docket No. 1], Felon in Possession of a Firearm – Armed Career Criminal.  Caverl argues that his sentence as an armed career criminal is now improper because the United States Supreme Court held in Johnson v. United States that the Armed Career Criminal Act's ("ACCA") residual clause was unconstitutionally vague.  135 S.Ct. 2551, 2560 (2015).

        Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if the defendant has three or more previous convictions for a "violent felony."  18 U.S.C. § 924(e)(2)(B).  Prior to Johnson, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" qualified as a predicate violent

_____

        [1] All docket citations are to the Criminal Docket.

felony.  Id. § 924(e)(2)(B)(ii).  This so-called "residual clause" was the part of the ACCA held to be unconstitutional in Johnson.  Shortly thereafter, in Welch v. United States, the Supreme Court concluded that Johnson announced a substantive rule that applied retroactively on collateral review.  136 S.Ct. 1257, 1265 (2015).

Caverl's prior violent felony convictions, however, were not considered predicate felonies under the ACCA's now unconstitutional residual clause.  Rather, Caverl was adjudged to be an armed career criminal because his convictions had "as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  Johnson did not impact this so-called "force clause" of the violent felony definition.

Caverl was previously convicted of armed robbery, third degree assault, and domestic assault, each of which is a felony that involved the use of force.  Caverl's armed robbery conviction occurred in Illinois where the armed robbery statute includes an element of force that qualifies as a predicate ACCA violent felony.  Presentence Report ("PSR") ¶ 45; United States v. Dickerson, 901 F.2d 579, 584–85 (7th Cir. 1990).  Caverl's third degree assault conviction was for the assault on Caverl's three-year-old stepdaughter, who suffered extensive bruising, lesions, and abrasions on her body.  PSR ¶ 48.  Because the stepdaughter's bodily injury was necessarily caused by applying physical force, this is a qualifying violent felony conviction under the force clause.  United States v. Rice, 813 F.3d 704, 705–06 (8th Cir. 2016).  Finally, Caverl was convicted of domestic assault after punching and choking his girlfriend.  PSR ¶ 54.  This is also a predicate violent felony for purposes of the ACCA.  United States v. Schaffer, 2016 WL 1425834, at *2 (8th Cir. April 12, 2016).

Since <u>Johnson</u> has no bearing on the "force clause" of the ACCA, Caverl's designation as an armed career criminal remains.

Because Caverl has not made a substantial showing of the denial of a constitutional right, and it is unlikely that another court would decide the issues raised in this 2255 Motion differently or that any of the issues raised in Caverl's petition would be debatable among reasonable jurists, Caverl is not entitled to a certificate of appealability.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Howard Jordan Caverl, III's pro se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 29] and Motion to Appoint Counsel [Docket No. 30] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 25, 2016.